```
                IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

NICOLAS CROCETTO,                      )
                                       ) Civil Action
      Petitioner             ) No. 08-cv-3937
                                       )
    vs.                              )
                                       )
JEFFREY A. BEARD,                      )
    (SUPERINTENDENT);                )
THE DISTRICT ATTORNEY OF THE           )
    COUNTY OF DELAWARE; and          )
THE ATTORNEY GENERAL OF THE STATE      )
    OF PENNSYLVANIA,                 )
                                       )
      Respondents            )

## O R D E R

    NOW, this 23rd day of June, 2011, upon consideration of the following documents:

    (1) Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner on August 11, 2008 (Document 1); together with

        Memorandum in Support of Petition for Writ of Habeas Corpus filed by petitioner on October 10, 2008 (Document 7);

    (2) Commonwealth's Answer to Petition for Writ of Habeas Corpus filed by respondents on December 8, 2008 (Document 8); together with

        Memorandum in Response to Petition for Writ of Habeas Corpus filed by respondents on December 8, 2008 (Document 8);

    (3) Report and Recommendation of United States Magistrate Judge M. Faith Angell filed May 15, 2009 (Document 15);

    (4) Objections to Report and Recommendations of Magistrate Judge filed by petitioner on May 27, 2009 (Document 16); and

(5) Response to Petitioner's Objections to Report and Recommendations of Magistrate Judge filed by respondents on June 19, 2009 (Document 18);

it appearing after review of this matter that Magistrate Judge Angell's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

IT IS ORDERED that the objections of petitioner to the Report and Recommendation of Magistrate Judge Angell are overruled.[1]

---

[1] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge. Raddatz, supra.

Petitioner is incarcerated at State Correctional Institution Laurel Highlands in Somerset, Pennsylvania, where he is serving a fifteen to thirty year sentence, followed by twenty-four months probation, imposed by the Court of Common Pleas of Delaware County after a jury convicted him of various sex offenses involving a minor child.

Petitioner raises two objections to the Report and Recommendation of United States Magistrate Judge M. Faith Angell. Each will be addressed in turn. The factual and procedural history underlying petitioner's request for federal habeas relief is well summarized in the Report and Recommendation at pages 1-5, and is incorporated here.

Petitioner's first objection argues that Magistrate Judge Angell erred by deferring to the Superior Court of Pennsylvania decision regarding his ineffective assistance of counsel claim because the state court made an unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

(Footnote 1 continued):

---

(Continuation of Footnote 1):

Petitioner's first objection appears to make two separate arguments. Because the Commonwealth's case relied heavily on the credibility of the victim, petitioner avers trial counsel should have called the victim's grandmother, Doris Dorsey, who was present during many of the alleged acts of abuse and would have refuted the victim's testimony. In addition, petitioner alleges trial counsel unreasonably counseled petitioner not to testify, despite the fact that his testimony would have also contradicted the victim's allegations.

Petitioner alleges trial counsel decided not to call Ms. Dorsey and petitioner without first making a reasonable investigation, or a reasoned decision not to investigate, regarding the strategic alternatives available for the defense. Instead, petitioner contends trial counsel decided not to call these witnesses based upon the "arrogant assumption" that his cross-examinations of the Commonwealth's witnesses would be sufficient. (Objections to Report and Recommendations of Magistrate Judge ("Objections"), filed May 27, 2009, at page 5).

Petitioner's objection is without merit. As Magistrate Judge Angell correctly determined, the Superior Court of Pennsylvania did not unreasonably apply Strickland to petitioner's ineffective assistance of counsel claims.

A claim of ineffective assistance of counsel requires a defendant to show that counsel's performance was constitutionally deficient and that counsel's errors prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy". Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694-695 (internal quotation omitted).

Regarding Ms. Dorsey, the Superior Court determined that trial counsel made a sound strategic decision not to call her at trial. Regarding petitioner, the Superior Court determined that trial counsel provided reasonable advice regarding petitioner's right to testify on his own behalf. As Magistrate Judge Angell properly concluded, there is ample support in the record that trial counsel's strategic decisions not to call these witnesses were well within the wide range of reasonable professional assistance.

Both the Post Conviction Relief Act ("PCRA") trial court and the Superior Court credited trial counsel's PCRA testimony supporting his strategic decisions in these regards. Petitioner contends instead that trial counsel's true reason for not calling these witnesses was his "arrogant assumption", without any substantial investigation, that their testimony would be unnecessary. (Objections, at page 5). As Magistrate Judge Angell notes, petitioner has failed to present clear and convincing evidence that the credibility determination made by the state courts was incorrect. See 28 U.S.C. § 2254(e)(1). Moreover, to the extent petitioner contends that Magistrate Judge Angell erred in relying upon the PCRA testimony as quoted by the Superior Court rather than the full Notes of Testimony (Objections,

(Footnote 1 continued):

(Continuation of Footnote 1):

at page 4), he identifies no specific portion of that transcript which, if reviewed, would support his contention.

Therefore, I agree with Magistrate Judge Angell that the Superior Court did not make an unreasonable application of Strickland. Accordingly, I overrule the first objection.

In petitioner's second objection, he contends that Magistrate Judge Angell erred in concluding that petitioner presented two unexhausted claims.

Petitioner's memorandum of law includes a claim that trial counsel was ineffective for failing to call a child sex abuse expert, and it appears to include a claim that trial counsel was ineffective for failing to investigate, prepare, and present a defense case. Neither of these claims were listed as grounds in petitioner's habeas petition. Magistrate Judge Angell concluded that to the extent these were two additional claims, they were unexhausted and procedurally defaulted because they were presented for the first time on habeas review to this court.

Petitioner contends that these are not two additional claims. Instead, petitioner asserts that they are merely additional evidence and facts supporting his overarching ineffective assistance of counsel claim. Petitioner avers that he fairly presented his claim to the state court because his brief to the Superior Court stated broadly that "trial counsel was ineffective in failing to call *witnesses* on behalf of the defense". (Objections, at page 5) (emphasis added).

Petitioner's objection is without merit. To properly satisfy the exhaustion requirement, the petitioner must provide the state court with the first opportunity to hear the same claim raised in the federal habeas petition. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 444 (1971). The claim must be "fairly presented" to the state courts, which means the petitioner must "present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted". McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

As Magistrate Judge Angell correctly concluded, petitioner never presented to the state courts the factual and legal substance of the two additional claims raised on habeas review. Petitioner's broad assertion to the state court that trial counsel failed to call "witnesses" did not fairly present these claims because it did not put the state court on sufficient notice of his federal claims. McCandless, supra. Moreover, petitioner has not shown cause and actual prejudice to excuse this default. See Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

The only binding authority petitioner cites to support his claim is Vasquez v. Hillery, 474 U.S. 254, 257-260, 106 S.Ct. 617, 620-622, 88 L.Ed.2d 598, 604-608 (1986), which stands for the proposition that a district court's request for supplemental facts that do not fundamentally

(Footnote 1 continued):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Angell is approved and adopted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.[2]

---

(Continuation of Footnote 1):

alter the legal claim already considered by the state courts does not render the claim unexhausted.

Vasquez is inapposite because the additional claims petitioner alleges on habeas review here are fundamentally different and do not involve the same set of facts and legal analysis already presented to the state courts. Accordingly, I overrule the second objection.

I find that petitioner's objections, to the extent they are not conclusory assertions or reassertions of the arguments advanced in his habeas petition, are without merit. Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Angell's Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

[2] See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge